**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4237**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

IVAN BERNARD GREEN,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (CR-03-66)

---

Submitted: December 28, 2005          Decided: March 28, 2006

---

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Walter H. Paramore, III, LAW OFFICES OF WALTER H. PARAMORE, III, P.C., Jacksonville, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ivan Bernard Green was convicted by a jury on nine counts of filing false income tax returns and aiding and abetting the same conduct, in violation of 18 U.S.C. §§ 287, 2 (2000). In February 2005, the district court sentenced Green to a total of seventy months' imprisonment, at the bottom of the range provided by the advisory sentencing guidelines. Green's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), representing that, in his view, there are no meritorious issues for appeal; however, he requests that this court review whether the district court imposed a sentence that was reasonable. Green was notified of the opportunity to file a pro se supplemental brief, but he declined to do so.

After United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). Id. Post-Booker, a sentence will be affirmed if it is both reasonable and within the statutorily prescribed range. Id. at 546-47. In addition, "while we believe that the appropriate circumstances for imposing a sentence outside the guideline range will depend on the facts of

individual cases, we have no reason to doubt that most sentences will continue to fall within the applicable range." United States v. White, 405 F.3d 208, 219 (4th Cir. 2005). Here, the record indicates that the district court calculated and considered both the guideline range and the § 3553(a) factors. On the record before us, we conclude the sentence was reasonable.

Pursuant to Anders, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Green's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition to the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED